**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBRA LYNN ROSS, individually and on behalf of all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| THE CARA GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Debra Lynn Ross ("Plaintiff"), individually and on behalf of all other persons similarly situated, known and unknown, through her attorneys, and for her Complaint against Defendant The CARA Group, Inc. ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., for Defendant's failure to pay all earned overtime pay to Plaintiff and other hourly paid "consultants."

2. Defendant is a Chicago area based "human performance consulting firm specializing in custom learning, change management and technical communication services for Fortune 500 organizations." http://www.caracorp.com (last visited January 31, 2016). Like a staffing agency, CARA provides employees and staff, like Plaintiff, to third-party client companies on a project basis (hereafter referred to as "consultants").

3. Plaintiff worked for Defendant as such a consultant. During her employment, Plaintiff was paid by Defendant on an hourly basis, but was not paid overtime pay when she

worked more than forty (40) hours in individual work weeks. Instead, Plaintiff was paid her straight time hourly regular rate of pay for all time worked.

4.      Within the last three (3) years, Defendant employed other consultants who worked more than forty (40) hours in one or more work weeks but who likewise were not paid overtime pay for their labor.

5.      This lawsuit is a proposed collective action under the FLSA, 29 U.S.C § 216(b) and Fed. R. Civ. P. 23 class action under IMWL for Plaintiff's and similarly situated hourly paid consultants' owed overtime pay.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**THE PARTIES**

9.      Plaintiff resides in and is domiciled in this judicial district.

10.     Plaintiff commenced employment with Defendant on or about September 16, 2013 and terminated her employment with Defendant on or about May 29, 2015.

11.     Defendant is an Illinois corporation.

12.     Defendant's principal place of business is located in Oak Brook, Illinois.

13.     Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

2

14.     Plaintiff was Defendant's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

15.     Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

16.     Defendant was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

17.     Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

18.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

19.     Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

**BACKGROUND FACTS**

20.     During the course of Plaintiff's employment by Defendant, Plaintiff was paid on an hourly basis, and not a salary basis. That is, Plaintiff did not receive a predetermined amount of compensation on a weekly, or less frequent, basis. Rather, Defendant paid Plaintiff for each hour she worked depending on the operating requirements of the business or third-party client company to which she was contracted to work.

21.     Within the last three (3) years, Defendant employed other consultants on an hourly basis. That is, like Plaintiff, other consultants did not receive a predetermined amount of compensation on a weekly, or less frequent, basis. Rather, Defendant paid other employees for each hour they worked depending on the operating requirement of the business or third-party client company to which they were contracted to work.

22.     In one or more individual work weeks during her employment, Plaintiff worked for Defendant in excess of forty (40) hours. For example, Plaintiff worked the following hours in the following weeks:

    a.  49 hours in the work week ending October 11, 2013;

3

b. 50 hours in the work week ending January 17, 2014;

c. 47 hours in the work week ending March 27, 2015.

23. In one or more work weeks during last three (3) years, one or more other hourly paid consultants employed by Defendant worked in excess of forty (40) hours in an individual work week.

24. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA or IMWL. 29 U.S.C. § 207; 820 ILCS 105/4a.

25. Within the last three (3) years, Defendant employed other hourly paid consultants who were not exempt from the overtime wage provisions of the FLSA or IMWL. 29 U.S.C. § 207; 820 ILCS 105/4a.

26. During the course of her employment, Defendant did not pay Plaintiff overtime pay at the rate of one and one half her regular rate of pay for the time she worked in excess of forty (40) hours in one or more individual work weeks.

27. Instead, Defendant paid Plaintiff her straight time hourly regular rate of pay for all time she worked in excess of forty (40) hours in individual work weeks.

28. In one or more individual work weeks during the last three (3) years, Defendant did not pay other hourly paid consultants overtime pay at the rate of one and one half their regular rate of pay for the time they worked in excess of forty (40) hours in a work week.

29. Instead, in one or more work weeks during the last three (3) years, Defendant paid other consultants their straight time hourly regular rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

30. Within the prior three (3) years, Defendant employed more than forty (40) employees as hourly paid consultants.

4

31.     Within the prior three (3) years, more than forty (40) hourly paid consultants employed by Defendant worked more than forty (40) hours in one or more individual work weeks. That is, more than forty (40) hourly paid consultants worked more than forty (40) hours in at least one work week during the last three (3) years.

32.     Within the prior three (3) years, more than forty (40) hourly paid consultants employed by Defendant worked more than forty (40) hours in one or more individual work weeks and were not paid overtime pay at the rate of one and one half their regular rate of pay in one or more of those work weeks.  That is, more than forty (40) hourly paid consultants worked more than forty (40) hours in at least one work week during the last three (3) years in which they were not paid overtime at the rate of one and one half their hourly regular rate of pay.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Collective Action)**

Plaintiff realleges and incorporates the previous allegations of this Complaint as if fully set forth within this Count I.

33.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for its failure to pay all earned overtime pay to Plaintiff and other similarly-situated consultants and other hourly paid employees of Defendant.

34.     Plaintiff brings her FLSA claim as a collective action.

35.     Plaintiff's consent form to act as a representative party plaintiff is attached to this Complaint. *See* Exhibit A.

36.     This Count is pleaded as a collective action under the FLSA because Plaintiff and other hourly paid consultants are similarly situated to Plaintiff based on the manner Defendant compensated them. That is, all employees employed by Defendant who were paid a straight time

hourly regular rate of pay for all time they worked, including for time worked in excess of forty (40) hours a week, had their rights under the FLSA violated in the same way.

37. Defendant's failure to pay Plaintiff overtime pay at the rate of one and one half times her regular hourly rate of pay for time she worked in excess of forty (40) hours in one or more individual work weeks violated the maximum hour provisions of the FLSA, 29 U.S.C. § 207.

38. Defendant's failure to pay other hourly paid consultants overtime pay at the rate of one and one half times their regular hourly rate of pay for time they worked in excess of forty (40) hours in one or more individual work weeks violated the maximum hour provisions of the FLSA, 29 U.S.C. § 207.

39. Defendant willfully violated the FLSA by failing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendant willfully violated the FLSA for failing to pay other hourly paid consultants overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

WHEREFORE, Plaintiff and those similarly situated, including Defendant's other hourly employees, pray for a judgment against Defendant as follows:

      A.    A judgment in an amount equal to Plaintiff's and other similarly situated employees' unpaid overtime wages;

      B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

      C.    Prejudgment interest to the extent liquidated damages are not awarded;

      D.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.       Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages
## (Class Action)

Plaintiff realleges and incorporates the previous allegations of this Complaint as if fully set forth within this Count II.

41.      This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff and the class she seeks to represent their earned overtime pay at the correct rate.

42.      Plaintiff brings her IMWL claim as a class action under Fed. R. Civ. P. 23 because Plaintiff and other hourly paid consultants are similarly situated based on the manner Defendant compensated them. That is, all employees employed by Defendant who were paid a straight time hourly regular rate of pay for all time they worked, including for time worked in excess of forty (40) hours a week, had their rights under the IMWL violated in the same way.

43.      Plaintiff, and members of the class she seeks to represent, are current and former consultants employed by Defendant in Illinois from February 1, 2013 to the present who were not paid overtime pay at the rate of one and half times their regular rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

44.      Defendant has employed over forty (40) hourly paid consultants in Illinois within the previous three (3) years.

45.      Defendant's failure to pay Plaintiff overtime pay at the rate of one and one half times her regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

46. Defendant's failure to pay other hourly paid consultants overtime pay at the rate of one and one half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

47. This Count is brought pursuant to Fed. R. Civ. P. 23 because Plaintiff and other hourly paid consultants are so numerous that joinder of all members is impracticable.

48. Plaintiff and Defendant's other hourly paid consultants are equally affected by the overtime wage payment violations of Defendant, and the relief sought is for the benefit of the individual Plaintiff and the class that Plaintiff seeks to represent.

49. The issues involved in this lawsuit present common questions of law and fact.

50. The common questions of law and fact predominate over the variations which may exist between members of the class, if any.

51. Plaintiff and the class of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

52. The violations alleged by Plaintiff are the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

53. Plaintiff believes and asserts that she is able to fairly and adequately represent and protect the interests of the class.

54. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

55. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

56. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

57. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayment.

WHEREFORE, Plaintiff and the class she seeks to represent pray for judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

E. Such other and further relief as this Court deems just and proper.

Dated: February 2, 2016

Respectfully submitted,

s/Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008